# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
July 10, 2003 Session

# CROWDER CONSTRUCTION GROUP, LLC v. DWIGHT HOLLAND, ET AL.

**Direct Appeal from the Chancery Court for Davidson County**
**No. 00-172-1    Irvin H. Kilcrease, Jr., Chancellor**

--------

**No. M2002-01840-COA-R3-CV - Filed September 18, 2003**

--------

The trial court determined that a construction contract between the parties had been modified orally and awarded judgment to plaintiff contractor.  We affirm in part and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in part; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which HOLLY M. KIRBY, J. and WILLIAM H. INMAN, SP. J., joined.

Alan Mark Turk, Brentwood, Tennessee, for the appellants, Dwight Holland and Betty Klein Holland.

Gary S. Rubenstein, Nashville, Tennessee, for the appellee, Crowder Construction Group, LLC.

## MEMORANDUM OPINION[1]

        This dispute arises from a mechanics' and materialmens' lien filed by Crowder Construction Group, LLC ("Crowder") to recover amounts due for the construction of a sewer line in a subdivision owned by the appellants (collectively, "Holland").  In October 1998,  Crowder submitted a written base bid of $69,000 for construction of a sanitary sewer line in a subdivision owned by Holland on New Hope Road in Nashville.  The bid was based on plans and specs provided by engineering associates employed by Holland.  It included necessary clearing, driveway repair, road patching, 12-

--------

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

inch stone at the sewer, and backfill with excavated material. The plans required a number of easements over neighboring properties through which the sewer line was to pass. Holland submits he told Crowder that he needed to keep the costs of the project as low as possible.

The parties do not dispute that several revisions were made to the project, two of which were made in October 1998 and December 1999 and presented to Crowder at a preconstruction meeting in April 1999. At the April meeting, Holland informed Crowder that he had not yet secured the necessary easements, but that they had been promised. The parties began work on the project prior to securing the easements. Holland submits that blasting by Crowder caused rock and debris to be displaced onto a neighbor's property, resulting in loss of that easement. Holland therefore purchased the property. The plans were further revised when Crowder discovered a kicker in a water line, causing a work stoppage from June 2-23, during which rented equipment remained on the job-site.

In August 1999, Crowder submitted an invoice for $42,000 in equipment rental and for its own services of $150,000 or $160,000. Crowder demanded immediate payment of $100,000. Crowder accepted $15,000 and the parties agreed to resolve the dispute. Crowder left the job site and on August 30, Holland demanded by letter that Crowder complete work. Crowder failed to resume and Holland hired Southwork Engineering to finish the project. Holland contends he incurred additional expenses of $22,106.

In January 2000, Crowder filed a complaint in the Chancery Court for Davidson County, seeking enforcement of a mechanics' and materialmens' lien against Holland's property.[2] Crowder sought judgment of $146,983.45, plus interest, attachment of the property to secure payment, sale of the property to satisfy the debt, and costs. Holland counter-claimed, seeking damages for breach of contract and tort. The trial court determined the agreement orally had been modified to a cost plus fifteen percent contract, adopted findings and facts and conclusions of law submitted by Crowder, dismissed Holland's counter-complaint, and entered judgment for Crowder in the amount of $138,433.45. The trial court taxed costs to Holland and ordered the property subject to lien sold, if necessary, to satisfy judgment. Holland appeals the judgment.

### *Issues Presented*

The issues presented for our review, as we re-state them are:

(1)     Whether the trial court erred by finding the contract had been modified to a cost plus fifteen percent basis.

(2)     Whether the court erred in determining the amount of damages.

---

[2]Crowder also named Clyde Paul Holland, Trustee, and Neff Rental, Inc., as defendants. The trial court dismissed Neff Rental and Mr. Holland prior to trial.

(3)     Whether the court erred by dismissing with prejudice Holland's counter-claim.

### *Standard of Review*

Holland argues that because the trial court adopted Crowder's findings of fact, the presumption of correctness for findings of fact of the trial court is inapplicable. We disagree. Although we do not encourage this procedure, it does not negate the presumption of correctness prescribed by Tenn. R. App. P. 13(d) where there is no showing that the party-prepared findings are not in accordance with the trial court's own views. *Airline Const. Inc. v. Barr*, 807 S.W.2d 247, 254 (Tenn. Ct. App. 1990). Additionally, if Holland was dissatisfied with these findings, Holland could have moved the court to amend its findings or make additional findings pursuant to Tenn. R. Civ. P. 52.02. *See id.* Holland made no such motion and there is no justification here for disregarding the presumption of correctness. *See id.*

### *Contract Modification*

The general contract to which Holland refers is a brief, one-page base bid of $69,860 for construction of a sewer based on plans provided by Holland. The parties do not dispute that the plans were altered a number of times, or that they agreed Crowder would perform additional work. The issue raised by Holland, as we perceive it, is not whether the contract had been modified, but the nature of the modification.

The trial court determined that the agreement had been modified orally to a cost plus fifteen percent basis. This finding is based on the testimony of John Crowder (Mr. Crowder), the majority owner of Crowder Construction, LLC. Mr. Crowder testified that on June 3, 1999, he and Dwight Holland (Mr. Holland) agreed that the on-going sewer project and additional work being performed at Mr. Holland's home, lot 37, would continue at a cost plus fifteen percent basis. Mr. Crowder testified, "I did discuss with him that it would be better to keep up and for us to bill him. It would be less expensive for him for us to bill him the invoice amounts plus the fifteen percent. We had so many things going on. We had numerous changes and it was hard to delineate which costs were going to what job function." When asked whether the "job functions" were the sewer project and work at lot 37, Mr. Crowder stated, "Right." He further testified that the most effective use of the equipment sometimes meant combining uses for both jobs, and that, essentially, the two projects were treated as one.

Mr. Holland denies the contract was converted to a cost-plus basis. He testified at trial, "No. I would never have done that. I never have and I couldn't vision [sic] a cost-plus basis because I was very skeptical, didn't understand sewer anyway." Mr. Holland also submits that the invoices sent by Crowder support his position because, with one exception, they do not reflect a cost plus agreement.

Upon review of the record, we find the documentary evidence ambiguous. As noted, the testimony at trial was contradictory. The determination of this issue, therefore, rests upon a question of witness credibility. Since the trial court is in the best position to observe the witnesses and to assess their demeanor, this Court will not reevaluate the trial court's assessment of witnesses' credibility in the absence of clear and convincing evidence to the contrary. *See Wells v. Tennessee Bd. of Regents*, 9 S.W.3d 779, 783 (Tenn.1999). We find no evidence to support disturbing the trial court's assessment of the credibility of the witnesses in this case. We accordingly affirm the finding that these parties agreed to modify the contract to a cost plus fifteen percent basis for work done on the sewer project and at Holland's residence from June 3, 1999.

### *Damages*

On appeal, Mr. Holland contends the trial court erred in its method of calculating damages and in determining the damages amount. The proper measure of damages is a question of law which we review *de novo*. *Beaty v. McGraw*, 15 S.W.3d 819, 827 (Tenn. Ct. App. 1998). If the trial court has utilized the proper measure of damages, the amount of damages is a question of fact which we review with a presumption of correctness. *Id.*

The trial court awarded Crowder damages of $138,433.45. As far as we can ascertain, this amount was based on the total cost to Crowder of the sewer project and work at Holland's residence at lot 37, plus fifteen percent. As noted, we affirm the trial court's determination that the parties had modified the contract to a cost plus basis from June 3, 1999, for work at both the sewer project and Holland's residence. We accordingly hold that for work done from June 3 on-ward, Crowder is due cost plus fifteen percent. Payment for work completed prior to June 3, however, is due according to the amounts reflected in the invoices in the record. We affirm recovery for Crowder, but remand for a determination of the amount of damages consistent with this opinion.

### *Dismissal of the Counter-claim*

Holland submits that the trial court erred by dismissing his counter-claim for breach of contract and tort damages, and asserts that Crowder is liable for the cost of completing the project. This project indisputably changed substantially from the date of the original agreement, and Crowder clearly is owed payment for work done beyond the scope of the original contract. Crowder's claim is for amounts arising only from work completed. Thus costs incurred by Holland to complete the project would have been incurred whether the work had been completed by Crowder or a subsequent contractor. Accordingly, Holland has suffered no damages. Upon review of the record and in light of the foregoing discussion, we affirm dismissal of the counter-claim.

### *Conclusion*

We affirm the finding that the contract between these parties was modified to a cost plus fifteen percent basis, but only for work done from June 3, 1999, forward. Payment for work done prior to June 3 is due on the basis of the invoices submitted. This cause is remanded for a re-

calculation of damages consistent with this opinion.  Costs of this appeal are taxed one-half to the appellee, Crowder Construction Group, LLC, and one-half to the appellants, Dwight Holland and Bettye Klein, and their sureties, for which execution may issue if necessary.

 

 

 

_____
DAVID R. FARMER, JUDGE